Eugene Y. Turin (SBN 342413)
McGuire Law, P.C.
10089 Willowcreek Road, Ste. 200
San Diego, CA 92131
Tel: (312) 893-7002, ex. 3
eturin@mcgpc.com

Joseph M. Dunklin (admitted *pro hac vice*)
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002, ex. 13
jdunklin@mcgpc.com

Robert K. Shelquist (admitted *pro hac vice*)
Cuneo Gilbert Flannery & LaDuca, LLP
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
Tel: (612) 254-7288
rshelquist@cuneolaw.com

*Counsel for Plaintiff and Proposed Class Counsel*

Megan O'Neill (SBN 220147)
Erik P. Mortensen (SBN 326610)
Andrea Maddox (SBN 347935)
DTO Law
702 Marshall Street, Suite 640
Redwood City, CA 94063
Tel: (415) 630-4100
moneill@dtolaw.com
emortensen@dtolaw.com
amaddox@dtolaw.com

*Counsel for Defendant HP Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THULR ODINSSON, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HP INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:25-cv-09057-SVK<br>Hon. Susan van Keulen<br><br>**~~[PROPOSED]~~ STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Action Filed: October 21, 2025 |

1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the Northern District's Guidelines for the Discovery of Electronically Stored Information ("Guidelines"), and any other applicable orders and rules.

2. COOPERATION

The Parties shall cooperate in good faith throughout the matter consistent with the Guidelines.

3. PRESERVATION

The parties understand their preservation obligations and agree that preservation of potentially relevant ESI will be reasonable and proportionate. Only responsive ESI created or received or in a party's possession, custody, or control on or after January 1, 2020, will be preserved. Such preservations efforts will involve suspending any processes and procedures that would result in the elimination, or transfer to a less accessible medium, of any data sources known to contain responsive ESI from the agreed-to time period.

4. SEARCH

The parties agree to meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The parties agree to meet and confer on a search protocol regarding (a) the custodians or sources of ESI to be searched; (b) the search terms to be applied against those custodians or sources; and (c) any other search criteria or methods to be used to identify responsive ESI (the "Search Protocol"). If the agreed-upon Search Protocol produces an unreasonably or disproportionally large number of results, the parties shall promptly meet and confer to discuss reasonable application of further search restrictions. The fact that the parties agree to a Search Protocol shall not preclude a party from reviewing ESI returned by the Search Protocol to make final determinations as to whether the ESI is responsive or protected from disclosure by the attorney-client privilege, work product doctrine, or other protection.

5. PRODUCTION FORMATS

The parties agree to produce documents in the format described in the attached Appendix.

6. DOCUMENTS PROTECTED FROM DISCOVERY

(a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other proceeding.

(b) Pursuant to Fed. R. Civ. P. 26(b)(5), the parties will provide a privilege log for information withheld.

(c) Communications involving counsel that post-date October 21, 2025, need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

7. MODIFICATION

This Order may be modified by a Stipulated Order of the parties or by the court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 28, 2026

McGUIRE LAW, P.C.

By: /s/ *Joseph M. Dunklin*
Joseph M. Dunklin

Joseph M. Dunklin (admitted *pro hac vice*)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Email: jdunklin@mcgpc.com

Eugene Y. Turin (SBN 342413)
MCGUIRE LAW, P.C.
10089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3

Email: eturin@mcgpc.com
Robert K. Shelquist (admitted *pro hac vice*)
CUNEO GILBERT FLANNERY & LADUCA, LLP
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
Tel: (612) 254-7288
Email: rshelquist@cuneolaw.com

Michael J. Flannery (SBN 196266)
CUNEO GILBERT FLANNERY & LADUCA, LLP
2 City Place Drive, Suite 200
St. Louis, MO 63141-7055
Tel: (314) 226-1015
Email: mflannery@cuneolaw.com

Patrick R. Burns (*pro hac vice forthcoming*)
BURNS LAW FIRM
218 Washington Avenue North, Suite 220
Minneapolis, MN 55401
Tel: (612) 877-6400
Email: Patrick@burns-law.mn

*Attorneys for Plaintiff and Proposed Class Counsel*

Dated: July 28, 2026

DTO LAW

By: */s/ Megan O'Neill*
Megan O'Neill

Megan O'Neill (SBN 220147)
Erik P. Mortensen (SBN 326610)
Andrea Maddox (SBN 347935)
702 Marshall Street, Suite 640
Redwood City, California 94063
Tel: (415) 630-4100
Fax: (415) 630-4105
Email: moneill@dtolaw.com
Email: emortensen@dtolaw.com
Email: amaddox@dtolaw.com

*Attorneys for Defendant HP Inc.*

**ATTESTATION**

I hereby certify, pursuant to Civil Local Rule 5-1(i), that all other signatories listed, and on whose behalf this document is submitted, concur in the document's contents and have authorized its filing and the placement of their electronic signatures above.

DATED: July 28, 2026

*/s/ Megan O'Neill*
Megan O'Neill

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 20, 2026

The Honorable Susan van Keulen
United States Magistrate Judge

## APPENDIX: PRODUCTION FORMAT

1. PRODUCTION COMPONENTS

Except as otherwise provided below, ESI shall be produced in accordance with the following specifications: (a) ASCII delimited data file (.DAT) using UTF-8 Encoding; (b) image load file (.OPT) that can be loaded into commercially acceptable production software; (c) single-page black-and-white TIFF images or multi-page black-and-white PDFs; and (d) document-level .TXT files for all documents containing extracted full text or OCR text.

2. PRODUCTION MEDIA AND ACCESS CONTROLS

Documents shall be produced through electronic means, such as secure file sharing methods (e.g., FTP) and may be encrypted. Any data produced by the producing party will be protected in transit, in use, and at rest by all in receipt of such data. The parties will use best efforts to avoid the unnecessary copying or transmittal of produced documents.

3. DATA LOAD FILES/IMAGE LOAD FILES

Each TIFF/PDF in a production must be referenced in the corresponding image load file. All images must be assigned a unique Bates number that is sequential within a given document and across the production sets. The Bates numbers in the image load file must match the corresponding documents' beginning Bates numbers in the data load file.

4. METADATA FIELDS

Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: (a) BEGBATES, (b) ENDBATES, (c) BEGATTACH, (d) ENDATTACH, (e) CUSTODIAN, (f) CONFIDENTIALITY, (g) REDACTIONS, (h) NATIVE FILE LINK, (i) TEXT FILE LINK, and (j) HASH.

| **FIELD** | **Description** |
|---|---|
| BEGBATES | Beginning Bates number as stamped on production image |
| ENDBATES | Ending Bates number as stamped on production image |

| | |
|---|---|
| BEGATTACH | First production Bates number of first document in a family |
| ENDATTACH | Last production Bates number of last document in a family |
| PARENT ID | Bates number of parent document |
| ATTACHMENT IDS | Bates numbers of attachments |
| CUSTODIAN | Individual from whom documents originated |
| CONFIDENTIALITY | Confidentiality designation assigned to document |
| REDACTION LABEL SUMMARY | List of redaction labels used on the document |
| FILE DATE CREATED | Date document was created |
| FILE DATE MODIFIED | Date when document was last modified according to file system information |
| EMAIL SENT DATE | Date email was sent |
| EMAIL SENT TIME | Time email was sent |
| TIME ZONE | Time zone offset used during process for the document |
| EMAIL SUBJECT | Subject of email |
| FILE NAME | Document's original name in the file system |
| FILE SIZE | Original file size in bytes |
| FILE EXTENSION | File extension |
| EMAIL FROM | Name and email address of sender of email |
| EMAIL TO | All recipients included on "To" line of email |
| EMAIL CC | All recipients included on "CC" line of email |
| EMAIL BCC | All recipients included on "BCC" line of email |
| HASH | MD5 hash value of document |
| TEXT FILE LINK | Path to extracted text/OCR file for document |
| NATIVE FILE LINK | Native file link (for native files only) |

5. HARD COPIES

Documents that exist only in hard copy format shall be scanned and produced as single-page black-and-white TIFF images or multi-page black-and-white PDFs.

6. TEXT FILES

A single, multi-page text file shall be provided for each document, and the file name should match its respective TIFF/PDF file name. Text files will not contain the redacted portions of the documents. A commercially acceptable technology for optical character recognition ("OCR") shall be used for all scanned, hard copy documents and for documents with redactions.

7. NATIVE FILES

Microsoft Excel files and other files that cannot be properly imaged will be produced in native format. Native files shall be produced with a link in the NATIVEFILEPATH field, along with extracted text (where extracted text is available). A Bates numbered TIFF or PDF placeholder indicating that the document was provided in native format must accompany every native file. Each responsive document produced in native format shall have its confidentiality designation indicated on its corresponding TIFF or PDF placeholder.

8. ATTACHMENTS

Email attachments must be mapped to their parent by the Document or Production number. If attachments and embedded files are combined with their parent documents, "BeginDoc" and "EndDoc" fields listing the unique beginning and ending number for each document and "BeginAttach" and "EndAttach" fields listing the begin and end of the entire document family must be included.

9. HYPERLINKS

Because the technological challenges associated with collecting contemporaneous hyperlinked materials make doing so overly burdensome, costly, and impractical, nothing in this Order shall be construed as requiring the collection or production of hyperlinked materials as a matter of course. If the requesting party reasonably believes a particular hyperlinked file to be

relevant, not duplicative, and proportional to the needs of the case, the parties agree to meet and confer in good faith regarding its collection and production.

10. <u>DUPLICATES</u>

The parties may de-duplicate identical copies of electronic documents (i.e., where the documents are exact duplicates based on MD5 hash values at the document level). Where a producing party has more than one identical copy of an electronic document, the producing party need only produce a single copy of that document (as long as all family relationships are maintained).

11. <u>EMAIL THREADING</u>

Where multiple email messages are part of a single chain or "thread," a party is only required to produce the most inclusive message ("Last in Time Email") and need not produce earlier, less inclusive email messages or "thread members" that are not unique and therefore fully contained, including attachments and including identical senders and recipients, within the Last in Time Email. Only email messages for which the parent document and all attachments are contained in the Last in Time Email will be considered less inclusive email messages that need not be produced.

12. <u>NON-SUBSTANTIVE FILES</u>

The parties will use their best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. The parties may suppress container files (.ZIP, .PST, .RAR) that do not reflect substantive information prior to production, but must produce the remainder of those responsive, non-privileged document families found within the container file, including any emails to which that container file is attached.